# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DAVID BIRDWELL, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No: 1:16-cv-491 |
| ) | Judges Greer/Steger |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned according to 28 U.S.C. § 636(b), Rule 72(b) of the *Federal Rules of Civil Procedure*, and the Rules of this Court for a report and recommendation regarding the disposition of Plaintiff's Motion for Judgment as a Matter of Law [Docs. 12], Defendant's Motion for Summary Judgment [Docs. 16], and Plaintiff's Motion for a New Briefing Order [Doc. 20]. David Birdwell ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), which represents the final decision of the Commissioner of Social Security ("Commissioner"). For the reasons that follow, the Court will recommend that Plaintiff's motions [Docs. 12, 20] be **DENIED**, that the Commissioner's motion be **GRANTED**, and that judgment be entered **AFFIRMING** the Commissioner's decision.

## I.   Procedural History

In January 2014, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1385, alleging disability as of August 25, 2013, from vasculitis complications (Tr. 172, 176, 217).

1

Plaintiff's claims were denied initially (Tr. 82-101) as well as on reconsideration (Tr. 103-126). Due to these denials, Plaintiff requested a hearing before an administrative law judge (Tr. 140-141).

In August 2015, ALJ Henry Kramzyk heard testimony from Plaintiff as well as from a vocational expert. Notably, Plaintiff waived his right to representation at the hearing (Tr. 36-81, 166). The ALJ obtained additional medical evidence after the hearing (Tr. 669-678) and proffered the evidence to Plaintiff (Tr. 286-287). Plaintiff responded that he had reviewed the medical records, had no further comments, and asked the ALJ to issue his decision (Tr. 288-289).

In February 2016, the ALJ rendered his decision finding that, despite the credible limitations from Plaintiff's impairments, he retained the residual functional capacity ("RFC") to perform a range of light work as defined in the regulations, with additional restrictions related to Plaintiff's exertional and non-exertional capacity (Tr. 18-31). Relying upon the vocational expert's testimony in response to a hypothetical, the ALJ concluded that Plaintiff could perform "other work" existing in significant numbers in the national economy, including housekeeping cleaner, cafeteria attendant, and office helper (Tr. 29-31). As a result, the ALJ found that Plaintiff was not "disabled" under the Act from the August 25, 2013, alleged onset date through the date of the decision, February 17, 2016 (Tr. 31).

Following the ALJ's denial, Plaintiff retained counsel and requested a review of the ALJ's decision (Tr. 13-14). In October 2016, the agency's Appeals Council again denied Plaintiff's request for review (Tr. 1-4). Plaintiff has therefore exhausted his administrative remedies, and the ALJ's decision stands as the "final decision" of the Commissioner subject to judicial review.

42 U.S.C. §§ 405(g) and 1383(c)(3).

Having exhausted his administrative remedies, Plaintiff filed his Complaint with this Court on December 12, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     Findings by the ALJ

In his decision, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018.

2. Plaintiff had not engaged in substantial gainful activity since August 25, 2013, his alleged onset date (20 C.F.R. 404.1571 *et seq.* and 416.971 *et seq.*).

3. Plaintiff has the following severe impairments: obesity; Henoch-Scholein purpura (HSP) vasculitis with status post cellulitis and abscess of the left leg, resolved ulcer right leg, and status post chemotherapy; and a history of deep venous thrombosis (DVT) in both lower extremities (20 C.F.R. 404.1520(c) and 416.920(c)).[1]

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. Plaintiff retained the RFC to perform light work as defined in the regulations, with additional exertional, postural, environmental, and mental restrictions (20 C.F.R. 404.1567(b) and 416.967(b)).[2]

---

[1] Plaintiff also has additional physical and mental impairments that were not considered severe, including: gastroesophageal-reflux disease (GERD), anemia, hypertension, a ruptured Achilles tendon, and adjustment disorder (Tr. 21-22).

[2] In particular, the ALJ found that Plaintiff "can lift or carry up to 20 pounds occasionally and 10 pounds frequently. He can sit for up to 6 hours, and stand and/or walk up to 6 hours. He can occasionally climb ramps and stairs, but never climb ladders, ramps, or scaffolds." (Tr. 23). Additionally, the ALJ noted that Plaintiff "can occasionally balance or stoop, but never crouch, kneel, or crawl. He can never operate foot controls with both lower extremities." (*Id.*). Moreover, Plaintiff "can never do fast paced production work. He must avoid even moderate exposure to extreme cold, avoid all exposure to wetness including wet slippery uneven surfaces, and avoid all exposure to hazards such as unprotected heights and dangerous machinery. Finally, he can never drive vehicular equipment." (*Id.*).

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

7. Plaintiff was born on November 15, 1965, and was 47 years old, which is defined as a younger individual (age 18-49) on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. Plaintiff has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The Plaintiff has not been under a disability, as defined in the Social Security Act, from August 25, 2013, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(*See* Tr. at 20-31).

### III. Standard of Review

When reviewing the Commissioner's determination of whether an individual is disabled under § 405(g), the Court is limited to determining whether substantial evidence supports the ALJ's findings; whether the ALJ applied the correct legal standards; and whether the decision was in accordance with the procedure authorized by the regulations and rulings promulgated by the Commissioner. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court will therefore not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

**IV.    Analysis**

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if they: (1) are insured for DIB; (2) have not reached the age of retirement; (3) have filed an application for DIB; and (4) are disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 20 C.F.R. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant is disabled if:

his physical or mental impairment or impairments are of such severity that he is not only

unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see* 20 C.F.R. § 404.1505(a). And disability is evaluated according to a five-step analysis summarized as follows:

1. If the claimant is engaging in substantial gainful activity he is not disabled;

2. If the claimant does not have a severe impairment, he is not disabled.

3. If the claimant's impairment meets or equals a listed impairment, he is disabled.

4. If the claimant is capable of returning to work he has done in the past he is not disabled.

5. If the claimant can do other work that exists in significant numbers in the regional or the national economy he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden then shifts to the Commissioner at step five to prove that there is work available in the national economy that the claimant could perform. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

In the present case, Plaintiff asserts that the ALJ committed three reversible errors. First, Plaintiff argues that the ALJ failed to fully and fairly develop the record. Second, Plaintiff contends that substantial evidence does not support the ALJ's findings. Finally, Plaintiff asserts that he lacked notice of his right to object to the use of video-hearing technology. The Court will address each alleged error in turn.

**A. The ALJ adequately developed the record and substantial evidence their decision.**

As to his first point, Plaintiff contends that the ALJ failed to fully and fairly develop the record. *See* Pl.'s Br., Doc. 13, PageID #: 731-33. He specifically argues that the records from Dr. Meadow, which included a one-page narrative, were incomplete. *Id.* at PageID #: 731. Due to the lack of records, Plaintiff asserts that the agency should have contacted Dr. Meadow again because Meadow allegedly had important information regarding Plaintiff's treatment. *Id.*

Plaintiff's argument, however, is inconsistent with precedent. It is the plaintiff who bears the burden of providing evidence that he is disabled. 42 U.S.C. §§ 405(g) and 1383(c); 20 C.F.R. § 404.1512. And the plaintiff's burden continues throughout each level of the administrative process to inform the agency or submit all evidence that relates to whether or not he is disabled. 20 C.F.R. § 404.1512(a). The agency can assist the plaintiff in obtaining evidence, as it did in this case. 20 C.F.R. § 4041512(d). The agency, for instance, asked Plaintiff to provide a list of medical treatment that he had received and the sources of that treatment. (Tr. 219-222, 247-250, 270-71, 279-80, 284). The agency then contacted those sources – including Dr. Meadow – and requested that they submit medical records (Tr. 290, 338, 355, 377, 536, 558, 638). Additionally, the agency contacted these sources not only at the initial level (Tr. 82-102) but again at the reconsideration level (Tr. 103-27). The agency further ordered a consultative examination for Plaintiff, who underwent a psychological exam in April 2014 (Tr. 659-63). The agency also determined that a physical consultative exam was not necessary because the evidence submitted was sufficient to determine whether Plaintiff was disabled (Tr. 84-85, 94, 108, 120). In short, the agency made "every reasonable effort" to obtain Plaintiff's medical records from the identified sources to determine Plaintiff's disability status. *See* 20 C.F.R. §

7

404.1512(d)(1) ("'Every reasonable effort' means that we will make an initial request for evidence from your medical source and, . . . if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination.").

Beyond that, despite representing himself, Plaintiff received a full and fair hearing. In instances where a plaintiff is unrepresented, the ALJ has a special duty to ensure that the plaintiff has a full and fair hearing. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). There is no bright-line test for determining when an ALJ has failed to develop the record fully; instead, the determination must be on a case-by-case basis. *Id.* In reviewing the facts of this case, the Court concludes that the ALJ met his special duty.

First, Plaintiff was aware of his right to obtain counsel, yet he decided to proceed without representation. At the administrative hearing, the ALJ adequately questioned Plaintiff as to his awareness of his right to retain representation – he even offered to continue the hearing so Plaintiff could obtain counsel (Tr. 39-40). Plaintiff confirmed that he understood his right to representation, but decided to proceed with the hearing without representation of counsel (Tr. 40). Plaintiff also signed a waiver of his right to representation at the hearing (Tr. 166).

Second, in light of his special duty, the ALJ also asked Plaintiff additional questions to ensure that the record was complete (Tr. 42-45). *See Lashley*, 708 F.2d at 1051. The ALJ, for instance, asked Plaintiff if there were any outstanding records (Tr. 42). Plaintiff responded that there were records from his Achilles heel surgery (Tr. 42-43), and the ALJ obtained a medical release from Plaintiff to get those records (Tr. 43-45, 669). Plaintiff also identified a recent update of medical treatments that he had submitted (Tr. 43). The ALJ acknowledged that he had received those and asked Plaintiff if there was anything left outstanding (Tr. 43). Plaintiff

replied that "everything's there, I think" (Tr. 43).

After the hearing, the ALJ obtained the records relating to Plaintiff's Achilles heel surgery (Tr. 669-678) and sent those records to him (Tr. 286-287). The notice informed Plaintiff that he could submit "any additional records you wish me to consider" (Tr. 287); however, Plaintiff responded: "I have reviewed these medical records, and I have no other comments. Please go ahead and make your decision" (Tr. 288-289). Plaintiff asserts that the ALJ should have been on notice to contact other providers listed in Plaintiff's updated medical-treatment form. *See* Pl.'s Br. at PageID #: 731-33. Plaintiff's own words, however, undermine this argument because he directed the ALJ to render his decision after Plaintiff reviewed the records (Tr. 43, 288-89). Even though the record was somewhat inconsistent, the ALJ had no obligation to re-contact any of Plaintiff's providers if the record was sufficient to render a decision. In fact, the regulations provide that, if any of the evidence in the record is consistent, the ALJ will "weigh the relevant evidence and see whether [they] can determine whether [Plaintiff] [is] disabled based on the evidence." *See* 20 C.F.R. § 404.1520b(b).

The Court is not persuaded that the ALJ failed to meet this standard. To the contrary, substantial evidence as a whole supports the ALJ's decision – especially since the RFC determination is one for the Commissioner to consider based on all of the relevant evidence. *See* 20 C.F.R. § 404.1545(a)(3); Social Security Ruling (SSR) 96-8p. The ALJ evaluated Plaintiff's alleged pain symptoms but found that they were not fully supported by other evidence in the record (Tr. 24-27). For instance, the ALJ held that the evidence he relied upon in finding Plaintiff's subjective complaints to be inconsistent with the record included the following: (1) the objective medical evidence; (2) his minimal and conservative treatment; (3) his improvement

9

with treatment; (4) his failure to follow the recommended treatment plan; (5) his inconsistent statements; (6) evidence that he was working during the alleged period of disability; and (7) the various medical opinions (Tr. 27). 20 C.F.R. § 404.1529; SSR 96-7p. Upon review, the record reinforces those inconsistencies. For that reason, the Court affirms the ALJ's credibility determination. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit Court of Appeals holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted); *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

Although Plaintiff contends that his lack of treatment records should not be a basis for denying his claim, the ALJ is at liberty to consider that Plaintiff received minimal treatment in rendering his decision. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 473 (6th Cir. 2014); SSR 96-7p. The ALJ considered Plaintiff's lack of treatment since 2014 to suggest that Plaintiff either no longer had symptoms from his impairments or that current medication was managing such impairments. Much like the ALJ's treatment of the inconsistencies in the record, the ALJ's consideration of evidence for lack of treatment is also a credibility factor that this Court will not question. *See Ritchie*, 540 F. App'x at 511.

Furthermore, the ALJ evaluated the medical opinions as directed by agency regulation and rulings (Tr. 27-29). Though Plaintiff contends that Drs. Meadow and Laramore opined that he was disabled (*See* Pl.'s Brief at PageID #: 732-33), the ALJ determined that those opinions should be afforded little weight because they were conclusory, failed to describe functional limitations, were inconsistent with other evidence, and did not substantiate the length of the

10

treatment relationships (Tr. 28, 666, 668). 20 C.F.R. § 404.1527. This finding is a credibility issue that the Court will not second-guess. *See Ritchie*, 540 F. App'x at 511.

In summary, the ALJ adequately developed the record, resolved inconsistencies, and provided a sufficient narrative to support the RFC (*See* Tr. 24-29). In examining Plaintiff's symptoms, the ALJ analyzed the objective medical proof and sufficiently explained his findings that Plaintiff was able to work. He also considered the medical-source opinions and, where the RFC conflicted with the medical-source opinions, the ALJ explained why he did not adopt the opinion in those instances. Accordingly, substantial evidence supports the ALJ's finding regarding the RFC.

### B. Plaintiff had notice of his right to object to a video hearing.

In addition to his complaints about the ALJ, Plaintiff contends that he lacked notice of his right to object to the use of video-hearing technology. *See* Pl.'s Br. at PageID #: 733-34. The agency, however, provided such notice to Plaintiff well before the August 2015 hearing in a letter dated November 3, 2014 (Tr. 679-88). Although this notice omitted by mistake from the initial transcript, the agency supplemented the record to include it [Doc. 15]. Because Plaintiff timely received the notice to object, the Court finds that Plaintiff's argument is **MOOT**.

### C. There is no new and material evidence to constitute a sentence-six remand.

Plaintiff also filed a Motion for New Briefing Order [Doc. 20]. Plaintiff bases his motion on "two new facts that materially change the case as it was originally Answered and the Record certified." Pl.'s Mot. for New Briefing Order at PageID #: 773.

The first new fact that Plaintiff relies upon is that "Defendant did not provide the full Record below until almost three months after the original Answer and Record was certified, and only

11

after the [P]laintiff's motion and brief were filed." *Id.* (referencing Docs. 14, 15).  Second, Plaintiff contends that Plaintiff "filed a new claim for Disability after the conclusion of his administrative remedies on the claim under review . . . . [and] received a favorable determination of disability on that application." *Id.*

There has been no new and material evidence submitted to warrant remand under sentence six of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3).  *See* Def.'s Obj. to Pl.'s Mot. for New Briefing Order, Doc. 21, PageID #: 782.  The Sixth Circuit has made clear that courts can "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). (citation omitted). Referring the case back to the administrative law judge for consideration of new evidence is referred to as a "sentence six remand." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  The proponent of the new evidence bears the burden of proving all three elements (i.e., new evidence; material evidence; and good cause for not presenting it in the prior proceeding). *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 589 (6th Cir. 2005).

Evidence is considered "new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).  "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." *Pickard v. Comm'r of Soc. Sec.*, 224 F. Supp. 2d 1161, 1171 (W.D. Tenn. 2002) (quoting *Elliott v. Apfel*, 28 F. App'x 420, 424 (6th Cir. 2002)). "Material evidence" exists if there is a "reasonable probability that the Secretary would have

12

Case 1:16-cv-00491-JRG-CHS   Document 23   Filed 06/22/18   Page 12 of 14
PageID #: 801

reached a different disposition of the disability claim if presented with the new evidence." *Foster*, 279 F.3d at 357 (quoting *Sizemore*, 865 F.2d at 711).

Moreover, "[e]vidence is material if it is probative of the claimant's condition during the time period at issue before the ALJ." *Pickard*, 224 F. Supp. 2d at 1171. Finally, "good cause" is shown "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357. "The mere fact that the evidence at issue was not in existence at the time of the ALJ's decision does not establish good cause." *Pickard*, 224 F. Supp. 2d at 1171.

Concerning Plaintiff's assertion that the November 3, 2014, letter is new evidence, the Court finds this argument to be without merit. As discussed, Plaintiff alleged that he did not have notice of his right to object to the use of video-hearing technology. *See* Pl.'s Br. at PageID #: 733-34. The agency later provided such notice to Plaintiff via the November 3 letter (Tr. 679-88). Although omitted from the initial transcript by mistake, the agency included the notice in the record. *See* Tr., Doc. 15. More importantly, the letter is not "new" since it existed and was available to Plaintiff at the time of the administrative hearing. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483–84 (6th Cir. 2006) (quoting *Foster*, 279 F.3d at 357).

As to his second point, Plaintiff asserts that his later favorable decision is new and material evidence. *See* Pl.'s Mot. for New Briefing Order at PageID #: 773. The Sixth Circuit, however, has held that:

> Under sentence six, the mere existence of the subsequent decision in [the plaintiff]'s favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence.

13

*Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009).  That is, "[a] sentence six remand would be appropriate based on [Plaintiff]'s subsequent favorable decision only if the subsequent decision [were] supported by new and material evidence that [Plaintiff] had good cause for not raising in the prior proceeding.  It is [Plaintiff]'s burden to make this showing under § 405(g)."  *Id.* (referencing *Sizemore*, 865 F.2d at 711).  And Plaintiff has failed to meet that burden in this case.  Accordingly, the fact that Plaintiff was subsequently found to be disabled after the ALJ's denial of benefits is not material to the claim before this Court. *See id.*

## V. Conclusion

Based on the foregoing, it is **RECOMMENDED**[3] that Plaintiff's Motion for Judgment on the Pleadings [Doc. 12] be **DENIED**, Plaintiff's Motion for a New Briefing Order [Doc. 20] be **DENIED,** the Commissioner's Motion for Summary Judgment [Doc. 18] be **GRANTED**, and judgment be **ENTERED** affirming the Commissioner's decision.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b).  Failure to file objections within the time specified waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'"  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)).  Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).